**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4294**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CORNELIUS ANTONIO BLACKWELL,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00187-WO-1)

Submitted:  December 6, 2010          Decided:  December 21, 2010

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Antonio Blackwell appeals the 120-month sentence imposed following his guilty plea to possession with intent to distribute 114.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Blackwell's sentence was reasonable. Blackwell was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

The sole issue raised by counsel in the Anders brief is whether the district court's sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Because counsel raises the claimed error for the first time on appeal, we review for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). Our review of the record

2

leads us to conclude that the district court did not commit reversible procedural error in imposing Blackwell's sentence.

We next consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence imposed is within the appropriate Guidelines range, we may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). On review, Blackwell's within-Guidelines sentence is presumptively reasonable, and Blackwell has not rebutted that presumption. Therefore, we conclude that the district court committed no reversible substantive error in sentencing Blackwell.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Blackwell's conviction and 120-month sentence. This court requires that counsel inform Blackwell, in writing, of his right to petition the Supreme Court of the United States for further review. If Blackwell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Blackwell.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED